UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| **ROBERT L. GONZALEZ** § § *Plaintiffs,* § § **v.** § § **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND COREY TATE** § § *Defendants.* § | CASE NO.: 2:20-cv-00023 |

### DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant Allstate Fire and Casualty Insurance Company hereby removes this lawsuit which is currently pending in 83rd JUDICIAL DISTRICT, Val Verde County, Texas, Cause No. CAUSE NO.34767, to the United States District Court for the Western District of Texas, Del Rio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

#### BACKGROUND

1. On August 29, 2019, Plaintiff filed his Original Petition, on February 11, 2020 Plaintiff effectuated service on his Original Petition. The Original Petition is styled *ROBERT L. GONZALEZ v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND COREY TATE,* in which Plaintiff alleges contractual and extra-contractual causes of action based on a claim for underinsured motorist benefits against Allstate and a claim for negligent misrepresentation against Allstate's adjuster, COREY TATE. *See* **Exhibit A** (Plaintiff's Original Petition).

2. Plaintiff alleges that he was in an automobile accident, that Allstate provided him underinsured motorist coverage, that Allstate gave him permission to settle his claim against the allegedly at-fault driver ("the tortfeasor"), and that he settled his claim for the tortfeasor's liability carrier's policy limits. *Id.*, ¶ 7. Plaintiff sues to establish his right to UIM benefits and for extra-contractual causes of action. *Id.*, ¶¶ 8–9.

3. Plaintiff further alleges that Defendant TATE is an employee of Allstate and was responsible for misrepresenting the terms, advantages, or other aspects of the police with regards to underinsured motorist benefits. *Id.*, ¶ 11.

4. From Plaintiff's petition, it is clear that he does not have a judgment against the tortfeasor or Allstate establishing his right to receive benefits under the

5. Plaintiff served Defendant with Plaintiff's Original Petition and process on February 11, 2020, by certified mail on its registered agent. *See* **Exhibit B** (Transmittal of Service of Process).

6. Defendant Allstate filed its original answer on March 9, 2020. *See* **Exhibit C** (Original Answer).

7. As by the online docket sheet from the Val Verde County Clerk, the original petition and answer constitute the state court's complete file. *See* **Exhibit D** (online docket sheet from Val Verde County County Clerk)

8. Plaintiff affirmatively pleads for monetary relief between $200,000.00 and $1,000,000.00. Exhibit A, ¶ 2.

### GROUNDS FOR REMOVAL

9. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states as to the properly

joined parties. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A. Properly Joined Parties are Diverse

10. Plaintiff is a natural person who affirmatively alleges that he is a Texas resident. *See* Exhibit A, ¶ 3.

11. Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

12. Defendant COREY TATE is alleged to be an insurance adjuster for Allstate and a resident of Texas, However, TATE has been improperly joined in this action solely to defeat diversity jurisdiction. There is no plausible cause of action against TATE. His residency should therefore be disregarded for purposes of evaluating diversity in this matter.[1]

### B. Improper Joinder of COREY TATE

13. The doctrine of improper joinder, or fraudulent joinder, ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the Court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

14. To show improper joinder, the removing party must show that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *McDonald v. Abbot Labs.,* 408 F.3d 177, 183 (5th Cir. 2005). To determine that an in-state defendant has been improperly joined, the court must find that (1) the plaintiff has fraudulently alleged that a defendant is non-diverse, or (2) the plaintiff has failed to state a claim

---

[1] Because Allstate contends Defendant TATE is improperly joined, his consent to removal is not required. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

against the non-diverse defendant. *Smallwood,* 385 F.3d at 573. In making this determination, a federal court must look to the original state court pleading but apply the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.,* 818 F.3d 193, 205 (5th Cir. 2016).

15. The court may resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Smallwood,* 385 F.3d at 573. The analysis requires the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1973 (2009).

16. Plaintiff's claim for negligent misrepresentation must fail because he has no judgment against the tortfeasor or Allstate establishing his right to receive benefits under the policy, as apparent from his pleading. Underinsured motorist insurance (UIM) coverage "protects insureds who are legally entitled to recover from owners or operators of…underinsured motor vehicles damages for bodily injury… ." TEX. INS. CODE § 1952.101 (emphasis added); *see also id.* § 1952.106 (requiring UIM coverage to "provide payment to the insured of all amounts that the insured is legally entitled to recover as damages"). "Legal entitlement" is a term of art in the UIM context. To be "legally entitled" to recover UIM benefits, an insured must have a judgment that establishes the liability of a third-party and the insured's damages. *Id.* at 818. Until an insured obtains such a judgment, the insurer's contractual obligation to pay benefits simply does not arise. *See id.*; *see also Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 (Tex. App.—San Antonio 2002, pet. denied) ("[A]n insurer has the right to withhold payment of UIM benefits until the insured's legal entitlement is established."). Stated another way, the covered event in UIM

litigation is not the accident itself, but rather the insured's establishment of the fact via judgment that she is entitled to benefits in excess of the tortfeasor's available policy limits.

17. Because of the unique nature of UIM insurance, Plaintiff has no reasonable basis to recover against TATE for negligent misrepresentation. The elements of negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

18. Plaintiff alleges that Tate issued, circulated, or made a statement misrepresenting the police or benefits under the policy, among other conduct *See* Exhibit A, ¶¶ 7, 11. Plaintiff cannot show these are misrepresentations: they are an accurate statement of Texas law regarding UIM insurance. Furthermore, Plaintiff cannot show any pecuniary loss from any alleged misrepresentation. Plaintiff has not yet obtained a judgment establishing Allstate's obligation under the policy to pay UIM benefits for any of Plaintiff's alleged damages. Plaintiff's problem is that he has no judgment showing that his bodily injury damages from the collision exceeded the tortfeasor's liability coverage, i.e., that the tortfeasor is underinsured. Accordingly, Plaintiff has no reasonable chance of recovery against TATE, and TATE should be dismissed without prejudice from the lawsuit.

### C. Amount in Controversy

19. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co.*

*L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

20. Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, Plaintiff alleges he seeks monetary relief between $200,000 and $1,000,000. *See* Exhibit A, ¶ 2.

21. Based on the foregoing, the amount in controversy exceeds $75,000.00.

### REMOVAL IS PROCEDURALLY PROPER

22. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

23. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Val Verde County, Texas, the place where the State Court suit was filed.

24. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibit A and Exhibit C. Furthermore, Exhibits A, and C contain all the pleadings and orders filed in the state court.

25. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the County Clerk of Val Verde County.

### PRAYER FOR RELIEF

26. Defendant Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above, dismiss Defendant

TATE without prejudice as improperly joined, and grant Defendant any such other and further relief to which it may show itself justly entitled.

                Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 /s/  Mathews J. Metyko
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Mathews J. Metyko**
State Bar No. 24096574
mmetyko@valdeztrevino.com
*Counsel for Defendant Allstate Fire and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 10th day of March 2020, pursuant to Rule 21a, Texas Rules of Civil Procedure, via electronic service:

Anne E. Shaffer
Donald L. Crook, Jr.
WAYNE WRIGHT, LLP
5707 Interstate 10 West
San Antonio, Texas 78201
*Counsel for Plaintiff*

/s/ Mathews J. Metyko
**Mathews J. Metyko**